UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 23-CV-62003-ROSENBERG

WILLIAM YELTON,

    Plaintiff,

vs.

AFFORDABLE INSURANCE GROUP, INC.,

    Defendant.
_____/

### ORDER DENYING DEFENDANT'S MOTION TO DISMISS COUNT IV

**THIS MATTER** is before the Court upon Defendant Affordable Insurance Group, Inc.'s Motion to Dismiss Count IV of Plaintiff's Complaint. DE 9.  The Motion is briefed.  The Court has carefully considered the Motion, the Response, DE 14, and the record, and is otherwise fully advised in the premises.  For the reasons below, the Court **DENIES** the Motion.

This is a Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") case in which Plaintiff has separated each alleged TCPA violation into its own cause of action.  Defendant's Motion to Dismiss is directed at Count IV, in which Plaintiff alleges that Defendant illegally used an automatic telephone dialing system ("ATDS") to contact Plaintiff.  Defendant argues that Plaintiff failed to plausibly plead that an ATDS was used. DE 9 at 1–2.  Plaintiff states that he has met his burden by pleading the circumstances that support such an inference, including that Defendant called him three times in less than twenty-four hours and, after one of those calls, Defendant left what sounded like a pre-recorded voicemail. DE 14 at 1–2; DE 1 at ¶¶ 12–14.[1]

---

[1] For the purposes of this Order, the factual allegations in Plaintiff's Complaint are accepted as true and all reasonable inferences are granted in favor of Plaintiff. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

Then, when Plaintiff called the callback number, a person in what sounded like a call center picked answered the call. DE 1 at ¶¶ 16.

ATDS is statutorily defined as "equipment which has the capacity-- (A) to store or produce telephone numbers to be called, using a random or sequential number generator; and (B) to dial such numbers." 47 U.S.C.A. § 227 (West).  The Supreme Court has held that "Congress' definition of an autodialer requires that in all cases, whether storing or producing numbers to be called, the equipment in question must use a random or sequential number generator." *Facebook, Inc. v. Duguid*, 592 U.S. 395, 404 (2021).  But since plaintiffs are unlikely to obtain "information about the equipment used to make a call prior to discovery, a plaintiff can avoid dismissal by alleging facts about the circumstances surrounding the call sufficient to create plausible inference that the call was made using an ATDS.'" *Leslie v. Afni, Inc.*, No. 1:20-CV-2740-AT-JKL, 2020 WL 10139373, at *4 (N.D. Ga. Dec. 14, 2020) (quoting *White v. Synchrony Bank*, No. 8:15-cv-01205-T-27AEP, 2015 WL 5821102, at *2 (M.D. Fla. Oct. 2, 2015) (internal marks omitted).  Courts have considered an "'absence of a relationship between the parties and the random nature of the automation device.'" *Perrong v. MLA Int'l, Inc.*, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238603, at *3 (M.D. Fla. Mar. 2, 2022), report and recommendation adopted in part, rejected in part, No. 6:20-CV-1606-RBD-EJK, 2022 WL 1238609 (M.D. Fla. Mar. 18, 2022) (rejecting only the entry of an injunction) (quoting *Camunas v. Nat'l Republican Senatorial Comm.*, 541 F. Supp. 3d 595, 602 (E.D. Pa. 2021)).

Here, Plaintiff has sufficiently pled that Defendant used an ATDS.  Plaintiff had no previous relationship with Defendant and never provided his number to Defendant. DE 1 at ¶ 20. Within a span of less than twenty-four hours, he received three phone calls and only one of those phone calls resulted in a voicemail message.  *Id.* at ¶¶ 12–13.  These calls were not personalized

and aimed to solicit the purchase of Defendant's insurance services. *Id.* at ¶¶ 13, 19. The voicemail message started three seconds after the recording began and seemed to be prerecorded. *Id.* at ¶ 14. Plaintiff's lack of authorization for the contact is relevant because it reduces the likelihood that Defendant specifically targeted Plaintiff and increases the likelihood of the use of an ATDS. The prerecorded voicemail message also reduces the likelihood that the initial callers involved people and not an automated system. Altogether, affording all reasonable inferences in favor of Plaintiff, the contact between Plaintiff and Defendant plausibly could have resulted from the use of ATDS. Therefore, at this stage, Plaintiff has met his pleading burden for Count IV to proceed. Should this issue remain after the close of discovery, it may be addressed at summary judgment.

It is therefore **ORDERED AND ADJUDGED** that Defendant's Motion to Dismiss Count IV of Plaintiff's Complaint, DE 9, is **DENIED**.

**DONE AND ORDERED** in Chambers, West Palm Beach, Florida, this 23rd day of January, 2024.

ROBIN L. ROSENBERG
UNITED STATES DISTRICT JUDGE

Copies furnished to Plaintiff and counsel of record